This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40890**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**ANGELA RIOS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF RIO ARRIBA COUNTY**
**Jason Lidyard, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Jasmine J. Solomon, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**IVES, Judge.**

**{1}** This matter was submitted to this Court on the brief in chief in the above-entitled cause, pursuant to this Court's notice of assignment to the general calendar with modified briefing. Having considered the brief in chief, concluding the briefing submitted to this Court provides no possibility for reversal, and determining that this case is appropriate for resolution on Track 1 as defined in the Administrative Order in *In re Pilot Project for Criminal Appeals*, No. 2022-002, we affirm for the following reasons.

**{2}** Defendant appeals following her entry into a conditional plea agreement and a conditional discharge on charges of robbery and residential burglary. As part of Defendant's plea agreement, Defendant reserved the right to appeal the district court's ruling pursuant to Rule 11-804 NMRA, allowing for the admission at trial of prior testimony from the victim from the related preliminary hearing in this matter. On appeal, Defendant continues to argue that this testimony would amount to inadmissible hearsay under Rule 11-804(B)(1) or would violate her right of confrontation under the Sixth Amendment of the United States Constitution. Having reviewed this matter, we disagree with Defendant's contentions.

**{3}** Defendant's primary challenge on appeal is to the admission of the prior testimony of the victim in this case who testified at the preliminary hearing in Defendant's case, but was unavailable, due to his death, to testify at Defendant's potential trial. The State argued in a pretrial motion that the previous testimony of the victim satisfied the requirements of the former testimony exception under Rule 11-804(B)(1) and therefore should not be excluded as hearsay. [RP 62-64] Defendant objected to the admission of the prior testimony at a future trial. [RP 65-67] The district court ruled that the testimony met the requirements of Rule 11-804(B)(1) and did not violate Defendant's right of confrontation. [RP 73-75]

**{4}** At the preliminary hearing, the victim testified that he was robbed in his home. [BIC 3] He stated that the robber walked into his home and put a kitchen knife to his throat saying "money, money, money, money." [BIC 3] He described the robber as wearing a red coat and a white Halloween mask that covered the robber's entire face. [BIC 3] The victim accused the robber of stealing his cell phone and his wallet, along with its contents, which included over $9,000 in cash and some credit cards. [BIC 3-4]

**{5}** At the preliminary hearing, the victim identified Defendant as the robber. [BIC 4] He testified that he knew this person was Defendant because Defendant was his ex-wife's niece and because she had worked for him as his caretaker for a number of years, and he was therefore able to recognize her voice. [BIC 4]

**{6}** On cross-examination at the preliminary hearing, the defense elicited some testimonial evidence from the victim that he may have had difficulties with his hearing. [BIC 4] The victim admitted to being hard of hearing and having difficulty understanding certain words. [BIC 4] During the hearing, Defendant required some questions to be repeated. [BIC 4] He also appeared to have had some initial troubles identifying Defendant in court. [BIC 4] Still, the victim remained confident in his voice identification of Defendant as the robber who said "money, money, money, money." [BIC 4]

**{7}** During the preliminary hearing, the victim's memory also was called into question. Although he denied having any issues with his memory, some of the victim's testimonial recollections during the preliminary hearing were later contradicted by a second witness for the State and by the prosecutor. [BIC 4-5] For example, the victim testified that there was some surveillance footage or a photograph of the robber exiting the home and that he provided it to the police, but the prosecutor later informed the

district court that no surveillance footage existed or was provided to police that day. [BIC 5]

**{8}** Defendant contends that the former testimony of the victim should have been inadmissible hearsay in any future trial and that any admission of the unavailable witness's testimony violated her right of confrontation. We review Defendant's claims in two steps. First, we must determine whether the district court abused its discretion when it ruled the prior testimony was admissible under the New Mexico Rules of Evidence. *See State v. Lopez*, 2011-NMSC-035, ¶ 4, 150 N.M. 179, 258 P.3d 458. If we determine that the admission was proper under those rules, we consider de novo whether the Confrontation Clause was violated. *See id.*

**{9}** Rule 11-804 creates an exception to the general provision of Rule 11-802 NMRA that hearsay evidence is inadmissible in the absence of a specific exception. Under Rule 11-804, certain types of out-of-court statements may be admitted when the declarant is unavailable as a witness. At issue in this appeal is Rule 11-804(B)(1), which provides that the rule against hearsay does not exclude the former testimony of an unavailable witness so long as the testimony

> (a) was given as a witness at a trial, hearing, or lawful deposition, whether given during the current proceeding or a different one; and (b) is now offered against a party who had . . . an opportunity and similar motive to develop it by direct, cross-, or redirect examination.

**{10}** Defendant does not dispute that the victim gave testimony at the preliminary hearing, that she had the opportunity to develop his testimony by cross-examination, or that the victim was unavailable for her future trial. Defendant's argument instead is that she lacked a similar *motive* for cross-examining the witness at the preliminary hearing, due to the later disclosure by the State of lapel video from an investigating deputy. [BIC 17] This lapel video, disclosed the day after the victim's preliminary hearing testimony, showed a woman on scene, "shortly after the robbery, in what could be described as a red coat," and this woman was not Defendant. [BIC 1] In district court, Defendant argued that the State's late disclosure of the video evidence limited Defendant's "ability to meaningfully cross-examine" the victim at the preliminary hearing because a "real difference in motive" was raised by the video. [BIC 10] Defendant argues that the victim testified that the person who robbed him was wearing a red coat and that the State's later disclosure denied the defense the opportunity to question and confront the victim with video evidence "of another individual on scene," who was not Defendant, "but who *was* wearing a sort of red coat, shortly after the robbery." [BIC 11] Defendant asserts that at the preliminary hearing, the defense's motive to cross-examine the victim was to call into question his ability to hear, his ability to identify his aggressor, his neutrality toward Defendant, and the accuracy of his memory. [BIC 17] Defendant claims that at trial, the motive to cross-examine the victim "would be to expose his mis[]identification of [Defendant] by confronting him with video evidence of another woman on the scene shortly after the incident wearing what may perhaps be described as the same red coat." [BIC 17]

**{11}** Under Rule 11-804(B)(1), our Supreme Court has held that "[w]hether a party had an opportunity and similar motive to develop testimony must be determined on a case-by-case basis." *Lopez*, 2011-NMSC-035, ¶ 6. Based on the record before us, we do not agree with Defendant that the later disclosure of lapel video by the State affected or otherwise limited her motive to develop the testimony of the victim at the preliminary hearing. Defense counsel's questioning of the victim at the preliminary hearing focused on the victim's ability to identify Defendant, particularly by her voice, and video of a woman was later on scene in "what could be described as a red coat," presents no change to the *motive* of Defendant's cross-examination—the motive would remain for defense counsel to challenge the victim's ability to identify Defendant. [BIC 1] Under these circumstances, we hold that the district court did not abuse its discretion when it ruled admissible the preliminary hearing testimony of the now-deceased victim under Rule 11-804(B)(1). Defendant had a consistent motive for cross-examining the victim at the preliminary hearing and a future trial, even with the disclosure of the deputy's lapel cam video. Defendant had a clear and compelling motive to show that the victim incorrectly and incapably identified her as the perpetrator.

**{12}** Defendant also argues that, pursuant to her constitutional right to confrontation, she did not have an adequate opportunity to cross-examine the victim at the preliminary hearing due to the later disclosure of the deputy's lapel cam video, showing "a different woman wearing a coat similar to what the victim described the robber as wearing." [BIC 18]

**{13}** "When admitting testimonial statements, the Confrontation Clause requires that the accused have a prior opportunity for cross-examination. . . . Once a defendant has tested the reliability of an unavailable witness's testimony against [them] in the 'crucible of cross-examination,' the demands of the Confrontation Clause have been met." *Lopez*, 2011-NMSC-035, ¶ 11 (*quoting Crawford v. Washington*, 541 U.S. 36, 61, 68 (2004) (citation omitted)). Again, Defendant does not dispute that she had a prior opportunity to cross-examine the victim about the testimony that would have been admitted in his absence at Defendant's trial. That is all that the Confrontation Clause requires. *See id.*; *see also State v. Henderson*, 2006-NMCA-059, ¶ 16, 139 N.M. 595, 136 P.3d 1005 ("While Rule 11-804(B)(1) requires the defendant to have had both an 'opportunity and similar motive' to cross-examine the statement for it to be admissible, *Crawford* only requires that the defendant had an 'opportunity for cross-examination' of the statement."). Thus, the district court's ruling on the admissibility of the former testimony of the victim at the preliminary hearing did not violate Defendant's right of confrontation under the Confrontation Clause of the Sixth Amendment to the United States Constitution.

**{14}** In light of the above, holding there is no error that would warrant reversal, we affirm the district court's rulings regarding the admissibility of the victim's preliminary hearing testimony.

**{15}  IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Chief Judge**

**J. MILES HANISEE, Judge**